IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON HOWARD,

                    Petitioner,

      v.                                 CASE NO. 06-3070-RDR

UNITED STATES BUREAU OF PRISONS, et al.,

                    Respondents.

**O R D E R**

    This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed by a prisoner incarcerated in the United States Penitentiary in Terre Haute, Indiana. Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis in this habeas action.

    Petitioner alleges the denial of due process in a prison disciplinary action while he was confined in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Petitioner states that he and another inmate were placed in segregation for fighting on May 28, 2005. Neither inmate received notice of a disciplinary charge resulting from that conduct until June 15, 2005, and the next day a disciplinary hearing officer (DHO) found both inmates guilty of Fighting with Another, Code #210. Petitioner states the sanction imposed included ten more days in segregation. Petitioner filed the instant action, seeking dismissal and expungement of this disciplinary conviction because he was denied procedural rights in this disciplinary proceeding.

In his disciplinary appeal, petitioner claimed in part that he was not issued a copy of the incident report within 24 hours of staff becoming aware of the incident, and that he did not received an initial hearing within three days.  Administrative responses acknowledged that the notice of charges did not occur within the time frame recommended in Bureau of Prison Program Statement 5270.07, and acknowledged the initial hearing was not held within three days.  Citing substantial compliance with the BOP guidelines, and full compliance with due process guarantees including 24 hour notice of the DHO hearing, BOP officials denied petitioner's disciplinary appeal.

Petitioner then filed the instant habeas petition, claiming the DHO violated petitioner's constitutional rights.  Specifically, petitioner claims he had less than 24 hour notice of the charge before the disciplinary hearing, and claims no evidence supports the disciplinary conviction.

Due process claims related to prison discipline must be evaluated according to the nature of the sanction imposed, and not according to whether the language in prison regulations created a protected interest in a particular procedure.  Sandin v. Conner, 515 U.S. 472 (1995).

If the disciplinary sanction impacts the duration of an inmate's sentence, a protected liberty interest in the inmate's release from confinement is affected and minimal procedural guarantees are recognized.  Id. at 487 (there is a liberty interest protected by Due Process Clause if disciplinary sanction inevitably affects the duration of the prisoner's sentence).  See also Wolff v. McDonnell, 418 U.S. 539, 563-69 (1974)(inmate facing administrative

2

disciplinary charges is entitled to (1) receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) present evidence and witnesses in his defense where this will not jeopardize institutional safety or correctional goals, and (3) receive a written statement of the evidence relied upon and the reasons for the disciplinary action); Superintendent, MCI, Walpole v. Hill, 472 U.S. 445, 454-55 (1985)(to withstand judicial review, finding of a prison disciplinary body must be supported by some evidence in the record).

If there is no loss of earned good time, then discipline in the form of segregated confinement does not present the kind of confinement that gives rise to a liberty interest protected by the Due Process Clause unless there is a showing of "atypical and significant hardship" in that a prisoner was subjected to conditions different from those ordinarily experienced by large numbers of inmates serving their sentences in the customary fashion. Sandin, 515 U.S. at 481-84.

In the present case, petitioner provides copies of the administrative responses in his disciplinary appeal, but fails to indicate what sanction was imposed in the disciplinary action other than his confinement in segregation for a month or less.[1] If no loss of earned good time was forfeited, or if petitioner's disciplinary segregation did not fall outside the expected parameters of service of his sentence, then petitioner's allegations of constitutional error fail because no liberty interest protected

---

[1] Petitioner provides copies of a March 2004 disciplinary action not at issue in this matter.

3

by the Due Process Clause is implicated.[2]

The court thus directs petitioner to supplement the petition to provide additional information regarding the sanction imposed in the challenged disciplinary proceeding.  Absent a showing sufficient under <u>Sandin</u> to demonstrate a protected liberty interest entitled to the procedural guarantees in <u>Wolff</u>, the petition is subject to being summarily denied because the alleged noncompliance of prison regulations in petitioner's disciplinary action establishes no "violation of the Constitution or laws or treaties of the  United States."  28 U.S.C. § 2241(c)(3).

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to supplement the petition as directed by the court.

DATED:  This 28th day of March 2006, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[2] Petitioner also alleges the denial of equal protection, but provides no factual basis for any such claim of constitutional deprivation other than a bare claim that prison disciplinary regulations were not strictly followed in his case.